```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
RAFAEL LOPEZ,

        Petitioner,                      ORDER

    -against-                            Civil Action No.
                                         CV-04-0866(DGT)
UNITED STATES OF AMERICA,

        Respondent.

-------------------------------X
```

TRAGER, J.:

Petitioner Rafael Lopez ("petitioner") brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence after he was convicted by a jury of distribution and possession with intent to distribute cocaine base and conspiracy and attempt to distribute cocaine base after having previously been convicted of a drug felony. Petitioner bases his motion on: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) the prejudicial admission into evidence of a prior felony conviction and (4) the application of a two-point sentencing enhancement for obstruction of justice in violation of the doctrine of judicial estoppel. For the reasons set forth below, the motion is denied.

**Background**

**(1)**

Petitioner was charged with and convicted of several offenses arising from his participation in a conspiracy to traffic cocaine base. In this case, the type of cocaine base was crack cocaine. On June 17, 1999, an undercover police officer purchased crack from petitioner and his supplier after having been introduced to petitioner by petitioner's friend, Victor Cruz. Nearly two weeks later, the undercover officer met with petitioner and two of his suppliers and purchased another quantity of crack. The undercover officer met with petitioner another three times to purchase crack from him and at least one other person. At the last meeting, on September 8, 1999, petitioner was arrested before completing the transaction.

Petitioner was charged with one count of conspiring to distribute and to possess with intent to distribute a substance containing cocaine base in violation of 21 U.S.C. § 846 and five counts of distributing and possessing with intent to distribute a substance containing cocaine base in violation of § 841(a)(1). On June 2, 2000, petitioner pled guilty to all the charges in the indictment without a plea agreement. According to petitioner's counsel, Alan Seidler, a plea agreement would have waived petitioner's ability to argue that the substance he had sold to the undercover officer was cocaine rather than crack. To that

end, trial counsel requested the Government's laboratory reports analyzing the substances petitioner sold to the undercover officer. The sentencing hearing was adjourned to give trial counsel an opportunity to review the reports.

At the continued sentencing hearing, trial counsel asserted that petitioner should be given a sentence pursuant to the Federal Sentencing Guidelines for cocaine offenses, instead of the Guidelines range corresponding to offenses involving crack.[1] Trial counsel based this assertion on the fact that the laboratory analyses concluded only that cocaine had been present in the samples.

The Government explained that the samples had been tested only to determine whether they contained cocaine and that it did not request a test for crack because petitioner had pled guilty to selling crack. At the Court's suggestion, the Government agreed to conduct an additional test on one of the samples that had already been tested for the presence of cocaine. Accordingly, the substance involved in the attempted sale of September 8, 1999, was tested and was found to be a 92.5 percent match when compared to a sample of cocaine base. Nonetheless,

---

[1] Although crack is derived from cocaine, the Guidelines treat offenses involving crack more harshly than offenses involving cocaine. See generally Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558, 566-69 (2007).

petitioner insisted that he should not be sentenced under the crack Guidelines and wished to withdraw his plea.

The Government then obtained a superseding indictment. It charged petitioner with (1) conspiring to distribute and to possess with intent to distribute a substance containing cocaine base, having previously been convicted of a felony drug offense, pursuant to § 846, (2) four counts of distribution, pursuant to § 841(a)(1), and (3) one count of attempted distribution, pursuant to § 846. Petitioner moved to dismiss the indictment on the basis that the Government had presented the perjured testimony of an FBI agent to the grand jury indicating that the substances petitioner sold were crack. Trial counsel later withdrew the motion because the superseding indictment was not based on this testimony.

Petitioner had been convicted of felonious possession of a controlled substance in 1991 by a New York State court. Before trial, the Government filed a prior felony information pursuant to 21 U.S.C. § 851 stating that it sought to rely on that conviction to increase his sentence. During a pretrial conference, the Government argued that in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in which the Supreme Court held that any factor which increases the sentence must be determined by a jury, the prior conviction must be presented to the jury out of "an abundance of caution." Trial counsel refused to stipulate

to the prior felony conviction, stating that it was an element of the offense, which the government had the burden of proving.

The Government presented several relevant pieces of evidence at trial. The chemists who tested the samples testified about the presence of crack in the substances petitioner sold to the undercover officer. In addition, the FBI agent who questioned petitioner soon after he was arrested testified that petitioner confessed to selling crack after having been read his <u>Miranda</u> rights and signing an "advice of rights" form. The agent also testified that the agent himself identified the substance as crack because of its yellowish color and solid, rocky shape. Lastly, the Government entered into evidence a certified copy of petitioner's New York State conviction on December 20, 1991, of felonious possession of a controlled substance. The conviction identified petitioner as "Rafael Perez a/k/a Rafael Lopez."

Petitioner testified in his defense. He insisted that the substance he sold was cocaine rather than crack. He also admitted that he sold drugs on the five occasions alleged in the indictment, but claimed that he was entrapped into doing so. According to petitioner, Cruz and the undercover officer seized on petitioner's financial difficulties to entrap him. He testified that at the time of the drug sales he was in debt to a funeral home for expenses arising out of the burials of his twin daughters. Indeed, he could not afford tombstones for his

daughters' graves. Moreover, he was struggling to keep his flower shop afloat, he worked nights cleaning offices and he was evicted from his apartment for failure to pay rent. Petitioner had been using his BMW as a cab, but Cruz borrowed it and crashed it. The repairs were estimated to cost between $1,500 and $2,700.

According to petitioner's testimony, Cruz suggested that they raise the money by selling drugs at a much higher price than what they paid, or as petitioner called it, "cracking the neck." To that end, Cruz called petitioner to aide him in selling crack to the undercover police officer. In his summation, trial counsel reiterated petitioner's entrapment defense, explaining that it was Cruz's idea to sell the drugs to the undercover officer and that it was Cruz who persuaded petitioner to do so. The jury returned verdicts of guilty on five of the six counts with which petitioner was charged.

(2)

At sentencing, the Court imposed a two-level enhancement for supervisory role and a two-point enhancement for obstruction of justice based on petitioner's testimony at trial. Under the Guidelines at the time, petitioner's sentencing range was 292 to

365 months. The Court sentenced petitioner to 292 months imprisonment on all counts to be served concurrently.[2]

Petitioner filed an appeal through new counsel. Petitioner argued that: trial counsel was ineffective, the superseding indictment violated petitioner's right to due process and the four-level sentencing enhancement, including the two points for obstruction of justice based on petitioner's testimony at trial, was improper.

Most relevant to the instant motion, petitioner based his assertions of trial counsel's ineffectiveness on trial counsel's failure to: (1) introduce the original laboratory report which concluded that the substance at issue was cocaine and (2) argue that the indictment was obtained by perjurious testimony that the

---

[2] While the instant motion was pending, the Sentencing Commission adopted Amendment 706 to the Guidelines, decreasing by two levels the base offense level for crack offenses. E.g., United States v. Ortiz, 551 F. Supp. 2d 202, 205 (S.D.N.Y. 2008). Later that year, the Supreme Court held, in Kimbrough, 128 S. Ct. at 564, that a sentencing court may depart from the Guidelines for cocaine offenses, which prescribed the same sentence for someone trafficking crack as someone trafficking 100 times more powder cocaine, if the court concludes that the 100-to-1 ratio "yields a sentence 'greater than necessary' to achieve the purposes of 18 U.S.C. § 3553(a)." Primo v. United States, No. CV-07-3387(CPS), 2008 WL 428449, at *2 (E.D.N.Y. Feb. 14, 2008) (quoting Kimbrough, 128 S. Ct. at 575).

Soon after, petitioner moved, pro se, to reduce his sentence pursuant to Amendment 706 and Kimbrough. By order dated February 20, 2009, this Court reduced petitioner's sentence to 240 months. Although the low end of the amended Guidelines range was 235 months, petitioner's sentence could not be reduced below the 240-month mandatory minimum.

substances petitioner sold contained crack.

The Second Circuit affirmed the conviction. First, the court rejected petitioner's argument that his trial counsel should have introduced the original laboratory report: "[T]he report would not have benefitted [petitioner's] position, as the government had tested the substance only to determine the family of drugs to which the samples belonged." <u>United States v. Lopez</u>, 60 Fed. App'x 850, 853 (2d Cir. 2003). Next, the court rejected petitioner's argument that his indictment was obtained by perjury since "there was sufficient evidence that [petitioner] sold cocaine base to justify the indictment." <u>Id.</u> Additionally, the Second Circuit pointed out that trial counsel's failure to make that argument did not prejudice petitioner because this Court made clear that it would not have granted the motion to dismiss. <u>Id.</u> Finally, the court upheld the two-level enhancement for obstruction of justice, finding that there was ample evidence that petitioner willfully and materially committed perjury. <u>Id.</u> at 854.

**(3)**

Petitioner now moves for relief under 28 U.S.C. § 2255. He argues that (1) he received ineffective assistance of trial counsel, (2) he received ineffective assistance of appellate counsel, (3) the inclusion of his prior felony conviction in

8

every count of the indictment and in the Government's opening statements prejudiced him and (4) the two-point sentencing enhancement for obstruction of justice was a violation of the doctrine of judicial estoppel.

Regarding his ineffective assistance of trial counsel claim, petitioner contends that trial counsel was ineffective for failing to: (1) object to Count Six of the superseding indictment on multiplicity grounds, (2) advance the argument that the FBI agent had committed perjury before the grand jury, (3) submit results from the first laboratory analysis into evidence, (4) object to the introduction of petitioner's prior felony conviction and (5) object at his later, unrelated trial[3] to the use of his admission of selling crack.

Regarding appellate counsel's representation, petitioner argues that she was ineffective because she did not understand the record, offenses or elements of the offenses. Petitioner asserts that, by basing the brief and arguments on an indictment that was superseded by the one used at trial, appellate counsel missed the multiplicity issue. The earlier indictment charged petitioner with one count of conspiracy and five counts of distribution. By contrast, the indictment on which petitioner

---

[3] Petitioner was tried on and convicted of RICO and drug conspiracies before Judge Gleeson in 2002 under indictment number 00-cr-01085-JG. On July 15, 2005, Judge Gleeson re-sentenced petitioner to 360 months imprisonment to be served concurrently with the sentence imposed by this Court on January 7, 2002.

was tried charged both conspiracy and attempt, along with four counts of substantive distribution offenses.

Petitioner further claims that appellate counsel did not raise the "obvious issues" in the record. These included: (1) the prosecution's failure to present evidence linking petitioner to the name "Rafael Perez," the name on the New York State record of conviction presented to the jury, (2) petitioner's claim that the indictment was obtained through perjury, (3) petitioner's inability to see the charts and graphs the prosecution presented to the jury and (4) trial counsel's failure to object to the use of petitioner's prior felony conviction.

## Discussion

### (1)

### Procedural Bar

All of petitioner's claims other than those alleging ineffective assistance of counsel, to the extent they were not already considered on appeal, are procedurally barred. "[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986). In the instant motion, petitioner complains that trial counsel was ineffective for not advancing his claim that the indictment was obtained through perjury and for failing to introduce the first laboratory test,

which tested only for cocaine, into evidence.  Petitioner faulted trial counsel for the identical failures on appeal, and the Second Circuit rejected his claim on the merits.  Thus, it may not be relitigated here.

Petitioner raises a number of grounds for relief which are procedurally defaulted because they were not raised on direct review.  Section 2255 motions may not raise issues that a petitioner failed to raise on direct review.  E.g., Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007).  One exception to this is that ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion.  Massaro v. United States, 538 U.S. 500, 509 (2003).

Petitioner never claimed on direct review that he was prejudiced by the inclusion of his prior felony conviction in the indictment or that the Government was estopped from using his admission that he sold crack in a later, unrelated trial.  Accordingly, those claims are procedurally barred.  However, petitioner's claims of ineffectiveness of counsel, inasmuch as they were not already raised on appeal, may be considered here on the merits.

**(2)**

## Ineffective Assistance of Counsel

Petitioner argues that he was deprived of effective assistance of counsel at trial and on appeal by counsels' failure to object to the indictment for including his prior felony conviction in each count and for multiplicity.[4] In addition, petitioner contends that appellate counsel was ineffective for failing to argue that: he could not see the charts and graphs the Government presented at trial, the Government did not link him to the name "Rafael Perez" and the indictment was obtained through perjury. Furthermore, petitioner claims that trial counsel was ineffective for failing to object to the use of petitioner's admission at a later, unrelated trial.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) counsel's performance "fell below an objective standard of reasonableness" and (2) counsel's representation prejudiced the defense to such a degree that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Both prongs of the Strickland test need not be considered if a defendant fails to satisfy one of them.

---

[4] "'Multiplicity' is charging a single offense in several counts." 1A Charles Alan Wright, Federal Practice and Procedure § 142 (3d ed. 1999).

Cf. id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

**a. Multiplicity of the Indictment**

Petitioner claims that trial and appellate counsel were ineffective for failing to object to the indictment as multiplicitous. His claim fails because Counts One and Six were distinct in law and in fact.

A multiplicitous indictment charges the same offense in more than one count, thus presenting the risk that a defendant will be punished more than once for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. See 1A Wright, supra, § 142. "[T]he power to define [federal] criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them . . . resides wholly with the Congress." Whalen v. United States, 445 U.S. 684, 689 (1980). Therefore, the question of whether a defendant may be punished for both attempt and conspiracy to traffic drugs is one of legislative intent.[5]

---

[5] The Government urges the Court to employ the "same elements" test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), to determine whether Congress intended to create separate punishments for attempt and conspiracy. Blockburger provides: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. (emphasis added). Where, as

13

Petitioner bases his claim on the assertion that Counts One and Six both charged the same offense and that he was subject to multiple punishments for violation of that offense.  Count One charged that, between April 1999 and September 8, 1999, petitioner conspired to distribute crack.  Count Six charged that, on September 8, 1999, petitioner attempted to distribute crack.[6]  Crucial to petitioner's claim is whether attempt and conspiracy merge into a single offense.

Petitioner was charged in Counts One and Six with violations of 21 U.S.C. § 846, which outlaws both conspiracy and attempt to commit certain drug crimes.[7]  Nothing in the legislative history of § 846 indicates that Congress intended attempt and conspiracy to be one crime.  Section 846 was introduced with the passage of the Comprehensive Drug Abuse Prevention and Control Act of 1970

---

here, both violations are proscribed by a single statutory provision – indeed, a single sentence – Blockburger does not apply.  See United States v. Ansaldi, 372 F.3d 118, 125 n.3 (2d Cir. 2004); United States v. McLaughlin, 164 F.3d 1, 14 (D.C. Cir. 1998).

[6] Even though petitioner is serving his sentences on Counts One and Six concurrently, he may still have been prejudiced if the indictment was multiplicitous.  See United States v. Handakas, 286 F.3d 92, 99 (2d Cir. 2002), overruled on other grounds by United States v. Rybicki, 354 F.3d 124, 144 (2d Cir. 2003) ("[T]he Supreme Court has held . . . that prejudice inheres in a multiplicity error regardless of its impact on the sentence . . . .").

[7] In this case, the drug crime at issue was distribution and possession with intent to distribute a substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii).

14

(the "Act"), Pub. L. 91-513, 84 Stat. 1242 (codified as amended in scattered sections of 21 U.S.C.).  Conspiracy to commit a drug offense was punishable under federal narcotics laws before the passage of the Act, United States v. McQuisten, 795 F.2d 858, 868 (9th Cir. 1986), whereas attempt to commit a drug offense was not, Bifulco v. United States, 447 U.S. 381, 399 (1980).  For the first time, § 846 criminalized attempt to commit a drug offense.  Conspiracy ordinarily does not merge into the substantive offense.  See United States v. Carroll, 144 F. Supp. 939, 942 (S.D.N.Y. 1956) (indicating that the purpose of penalizing conspiracy and substantive offenses separately is to deter criminal organizations, which are more likely than not to produce substantive offenses).  It is doubtful that, by adding the attempt portion of § 846, Congress intended to disturb this order.  See McQuisten, 795 F.2d at 868.  Rather, it indicated "the strong congressional intent to criminalize all aspects of drug trafficking."  Id. (internal quotation marks omitted) (quoting United States v. Palafox, 764 F.2d 558, 560 (9th Cir. 1985) (en banc)).

Counts One and Six were also not multiplicitous in fact.  The conspiracy with which petitioner was charged in Count One took place from around the time of his first sale to Cruz in April 1999 to his arrest on September 8, 1999.  In this time period, petitioner conducted four separate sales and an attempted

sale. By contrast, the conduct charged in Count Six - the attempt charge - consisted of a single, unconsummated sale, interrupted by petitioner's arrest on September 8, 1999. The two crimes arose independently of one another.

Moreover, the crimes of conspiracy meet the test set forth in Blockburger, 284 U.S. at 304. Conspiracy requires proof of an agreement, e.g., United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1191 (2d Cir. 1989) ("The gist of conspiracy is, of course, agreement."), which attempt does not. And attempt requires proof of a substantial step toward commission of a crime, e.g., United States v. Douglas, 525 F.3d 225, 249 (2d Cir. 2008), which conspiracy does not. Indeed, if the indictment had combined Counts One and Six in a single count, which is the necessary implication of petitioner's argument, that count would have been duplicitous. See United States v. Egan, 501 F. Supp. 1252, 1261 (S.D.N.Y. 1980).

Accordingly, trial and appellate counsel would have had no basis to argue that the indictment was multiplicitous and were justified in not doing so. Moreover, petitioner was not prejudiced by appellate counsel's failure to reference, in the background section of the appellate brief, the indictment that included the attempt count. The only issue the superseding indictment would have pointed out was multiplicity. For the reasons noted above, that claim is not meritorious.

**b. Prior Felony Conviction**

Petitioner contends that trial and appellate counsel were ineffective for failing to argue the impropriety of presenting his prior drug convictions to the jury. This claim fails because there was no prejudice.

The Supreme Court, in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239 (1998), held that the fact of a prior conviction is a sentencing factor rather than an element of an offense and need not be presented to a jury. The Supreme Court later held, in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," but explicitly carved out an exception for prior convictions, retaining <u>Almendarez</u>'s rule that prior convictions need not be presented to a jury.

The Government claims that in the wake of <u>Apprendi</u>, the vitality of <u>Almendarez</u>'s "prior conviction" holding was unclear. While doubt was cast on the <u>Almendarez</u> decision, <u>Apprendi</u> explicitly preserved the prior conviction rule. <u>Apprendi</u>, 530 U.S. at 489-90 (internal footnotes omitted) ("Even though it is arguable that <u>Almendarez-Torres</u> was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the

17

decision's validity and we need not revisit it for purposes of our decision today . . . .").

Trial counsel would have been well-advised to keep the prior conviction out of the reach of the jury by stipulation rather than demanding the Government prove the prior conviction. Keeping it out of evidence, however, would not have changed the result of the trial. There was more than enough evidence aside from the prior conviction to justify the jury's verdict. Moreover, petitioner himself testified at length on direct examination about his experience with manufacturing, packaging and selling crack, including during the time of his prior conviction.

Regarding the state conviction that was entered into evidence, the Government was not required to present evidence to link petitioner to the name "Rafael Perez," the name which appeared on petitioner's New York State conviction. It was clear from the face of the conviction that "Rafael Perez" was merely petitioner's alias.[8]  Thus, appellate counsel was not obligated to raise the issue since doing so would have been frivolous.

---

[8] As noted above, the conviction form read, "Rafael Perez a/k/a/ Rafael Lopez."

### c. Remaining Contentions

Petitioner claims that his appellate counsel was ineffective for not arguing that he could not view the charts and graphs the Government presented at trial. However, petitioner was given an opportunity to view any chart or graph presented to the jury. Trial Tr. 387-88. Therefore, appellate counsel was justified in not raising the issue on appeal. Petitioner also faults appellate counsel for failing to argue that the indictment was obtained through perjury. Appellate counsel did indeed present this argument, and the Second Circuit rejected it on the merits. Lastly, petitioner claims that trial counsel was ineffective for not objecting to the two-point enhancement to his base offense level on the basis of judicial estoppel. There is no merit to petitioner's claim. Trial counsel in this case cannot be held responsible for allowing the later use, at a separate trial, of petitioner's testimony, part of which formed the basis for the two-level enhancement at sentencing. Moreover, the soundness of any action taken in the later trial, which was before another judge, may not be examined here.

**Conclusion**

Petitioner has shown no basis for relief under § 2255, and, therefore, his motion is denied. In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c).

Dated:   Brooklyn, New York
         May 11, 2009

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge